IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICHARD CURTIS ROGERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:18-cv-01388 |
| SOUTHERN HEALTH PARTNERS, et al., | ) ) ) ) | JUDGE RICHARDSON |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Before the Court is a pro se complaint under 42 U.S.C. § 1983, filed by Plaintiff Richard Curtis Rogers, an inmate at the Sumner County Jail in Gallatin, Tennessee. (Doc. No. 1.) Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), which the Court will grant by Order entered contemporaneously herewith. Pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, the Court must conduct an initial review of Plaintiff's complaint.

## **INITIAL REVIEW OF THE COMPLAINT**

I.  PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the

complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II.   SECTION 1983 STANDARD

Plaintiff seeks to vindicate the alleged violation of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured

by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ALLEGATIONS AND CLAIMS

Plaintiff alleges that, on September 17, 2018, he went to the medical department at the jail complaining that his liver was hurting. (Doc. No. 1 at 5.) He alleges that a Dr. Matthis ordered some tests on his liver, and that those tests showed that his "liver was bad." (*Id.*) Specifically, Plaintiff alleges that he was called in to a meeting with Dr. Matthis and the nurse practitioner, where he was told he had fatty tissue around his liver and valves that were about to rupture. (*Id.*) He alleges that Dr. Matthis told him he needed "to get out of jail and see a liver specialist," as there was nothing that could be done for Plaintiff at the jail. (*Id.*) Plaintiff alleges that he returned to the medical department on five or six subsequent occasions with bad pain, and that during those visits a medical administrator named Sherrie told him "that the company she works for had lots of money and she didn't give a damn about [Plaintiff] or [his] liver." (*Id.*)

Plaintiff claims his rights have been violated because he has not been treated for hepatitis C. (*Id.*) He names as Defendants the Sumner County Jail and Southern Health Partners. (*Id.* at 1, 2.) The only relief he requests is "to be treated for hepatitis C." (*Id.* at 6.)

IV. ANALYSIS

Plaintiff claims that he was denied appropriate medical care in violation of his rights under the Eighth Amendment to the U.S. Constitution.[1] "Eighth Amendment jurisprudence clearly

---

[1] Plaintiff does not specify whether he is a convicted prisoner or a pretrial detainee (*see* Doc. No. 1 at 1), but if a detainee then he is protected by the Fourteenth Amendment's Due Process Clause from conduct that the Eighth Amendment would prohibit as against "individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016). The Sixth Circuit "has made clear that, under the Fourteenth Amendment, pretrial detainees are 'entitled to the same Eighth Amendment rights as other inmates.'" *Id.* (quoting *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994)).

3

establishes that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain that is violative of the Constitution." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976)) (internal quotation marks omitted). In order to succeed in bringing a deliberate indifference claim in the medical context, Plaintiff must allege the deprivation of a "sufficiently serious" medical need by a Defendant who acted with a "sufficiently culpable state of mind." *Darrah*, 865 F.3d at 367–68 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The state of mind described by "deliberate indifference" is demonstrated not by mere medical negligence, but only when an official knows of and disregards an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 836–37.

Plaintiff alleges that Dr. Matthis told him of the need for treatment with a specialist due to fatty tissue around his liver and valves that were about to rupture. (Doc. No. 1 at 5.) Presuming the truth of this allegation, a serious medical need has been demonstrated. Plaintiff further alleges that, although this medical need was confirmed by objective test results, Dr. Matthis and the unnamed nurse practitioner denied him treatment for his liver condition, while the jail medical administrator denied any help in obtaining other treatment, stating that she "didn't give a damn" about his condition. These allegations are sufficient to support the claim of deliberate indifference.

However, Plaintiff did not sue Dr. Matthis or any individual care provider or administrator. Rather, he sued Southern Health Partners and the Sumner County Jail. Although Plaintiff does not explicitly allege that Southern Health Partners employed Dr. Matthis or the medical administrator, he does allege that the latter spoke of "the company she works for" having plenty of money and,

4

consequently, that Plaintiff's liver condition was not of concern to her. He further identified Sumner County Jail as the "[p]lace of employment" for Southern Health Partners. (*Id.* at 2.) Liberally construing these allegations in light of Plaintiff's pro se status, the Court finds that Southern Health Partners is sued in its capacity as provider of medical care at Sumner County Jail.

Though a private entity, Southern Health Partners is properly regarded as a state actor because it performs the traditional government function of providing medical care to jail inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). However, Southern Health Partners may not be found liable under § 1983 unless the violation of Plaintiff's rights was caused by the execution of a corporate policy or custom. *Starcher*, 7 F. App'x at 465 (finding medical services contractor subject to liability under § 1983 only if deprivation of rights caused by corporate policy); *see Street*, 102 F.3d at 818 (requiring showing that unlawful action was taken pursuant to corporate "policy or custom"). Viewing the complaint in the light most favorable to Plaintiff, and based on (1) the allegation that Dr. Matthis diagnosed his serious liver condition but then told him that "there was nothing he could do" and that Plaintiff "need[ed] to get out of jail and see a liver specialist," and (2) the allegation that the medical administrator was unconcerned with Plaintiff's requests for treatment because her employer "had lots of money," the Court finds that Plaintiff has stated a colorable claim of an Eighth Amendment violation caused by a Southern Health Partners policy of not allowing specialized treatment for inmates. This claim will proceed for further development.

However, Plaintiff cannot maintain any claim against the Sumner County Jail, which is a structure, not a person for purposes of § 1983. See Tucker v. Salandy, No. 3:17-CV-00671, 2017 WL 2438401, *2 (M.D. Tenn. June 6, 2017). If Plaintiff seeks to claim that the harm he has suffered is connected to a policy of Sumner County itself, he must amend his complaint

accordingly, as no such claim can plausibly be construed from his current complaint. The Sumner County Jail must be dismissed as a Defendant.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Plaintiff states a non-frivolous claim for deliberate indifference against Defendant Southern Health Partners. Process shall issue on that claim.

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE