UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD CURTIS ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS, et al.,<br><br>    Defendants. | Case No. 3:18-cv-01388<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

In this action, pro se and *in forma pauperis* Plaintiff Richard Curtis Rogers asserts a claim under 42 U.S.C. § 1983 against Southern Health Partners (SHP) based on the alleged inadequacy of the medical care that he received while incarcerated at the Sumner County Jail in Gallatin, Tennessee. (Doc. No. 1.) On December 31, 2019, SHP filed a motion for summary judgment. (Doc. No. 24.) On March 6, 2020, the Court found that Rogers had failed to file a timely response to that motion and ordered him to show cause by March 27, 2020, why the Court should permit him to file an untimely response. (Doc. No. 29.) The Court warned Rogers that failure to respond to the show-cause order could lead to dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*Id.*) Rogers did not respond to the Court's order, and the Court has not received anything from Rogers in this action since October 2, 2019. (Doc. No. 21.) Because it appears that Rogers has abandoned this action, the Magistrate Judge will recommend that it be dismissed without prejudice under Rule 41(b) for failure to prosecute and that SHP's motion for summary judgment be found moot.

**I.      Factual and Procedural Background**

Rogers initiated this action on December 20, 2018, by filing an application for leave to proceed *in forma pauperis* and a complaint under 42 U.S.C.§ 1983 that named SHP and Sumner County Jail as defendants. (Doc. Nos. 1, 2.) Rogers alleges that, on September 17, 2018, he visited the medical department of the Sumner County Jail to complain about liver pain. (Doc. No. 1.) Despite tests showing problems with his liver, and a doctor's acknowledgement that Rogers needed to see a specialist outside of the jail, Rogers was repeatedly denied the medical care he needed. (*Id.*) Further, an SHP administrator told Rogers "that the company she works for had lots of money and she didn't give a damn about [Rogers] or [his] liver[.]" (*Id.* at PageID# 5.) On January 14, 2019, the Court granted Rogers's application to proceed *in forma pauperis* and screened his complaint under 42 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 4, 5.) The Court allowed Rogers's Eighth Amendment claim against SHP to proceed but dismissed all other claims. (*Id.*)

After SHP answered Rogers's complaint (Doc. No. 15), the Court entered a scheduling order (Doc. No. 16), and the parties engaged in discovery. After the deadline to amend the pleadings had expired, Rogers filed a motion to amend his complaint and a motion seeking an order summoning an SHP nurse to Court to testify on his behalf. (Doc. Nos. 18, 19.) The Court denied those motions. (Doc. Nos. 22.)

On December 31, 2019, SHP filed a motion for summary judgment (Doc. No. 24), along with a memorandum of law (Doc. No. 25), a statement of undisputed material facts (Doc. No. 24-1), and supporting exhibits (Doc. No. 24-2–24-4). On January 6, 2020, the Court entered an order explaining that Rogers's response in opposition to the motion for summary judgment was due by January 31, 2020. (Doc. No. 28.) Rogers did not file a response by the deadline, and on March 6, 2020, the Court ordered Rogers to show cause by March 27, 2020, why the Court should

2

permit him to file an untimely response to SHP's motion for summary judgment. (Doc. No. 29.) The Court warned Rogers that failure to respond to the order would "likely lead to a recommendation that his claims be dismissed for failure to prosecute under Rule 41(b)." (*Id.* at PageID# 144.) Rogers did not respond to the show-cause order.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or

contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.  Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Rogers.

**A.  Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Rogers actively participated in this litigation until October 2019 (Doc. Nos. 1, 2, 6, 9, 12, 13, 18, 19, 21), showing that he is capable of prosecuting his claim against SHP when he is so inclined. Even if Rogers's failure to respond to SHP's motion for summary judgment and the Court's show-cause order were not driven by bad faith, he is still "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, Civil Action No. 16-13014, 2017 WL 1319839, at *2

(E.D. Mich. Feb. 8, 2017), *report and recommendation adopted by* 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders). This factor weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, SHP answered the complaint (Doc. No. 15) and filed a motion for summary judgment (Doc. No. 24). Those steps are typical of the early stages of litigation and were not necessitated by Rogers's delay. *See Schafer*, 529 F.3d at 739. Consequently, there is no indication that SHP wasted substantial time, money, or effort due to a lack of cooperation from Rogers. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Rogers that his failure to respond to its show-cause order would likely lead to dismissal for failure to prosecute. (Doc. No. 29.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. That is so even though the defendants have filed a motion for summary judgment. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion for summary judgment despite a sixty-day extension); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See*

6

*Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for failure to prosecute and that SHP's motion for summary judgment (Doc. No. 24) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 30th day of June, 2020.

ALISTAIR E. NEWBERN
United States Magistrate Judge